# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------------x
ANDREA LISSETH ARMIJOS ABAD,                    Index No.:520767/2022

                Plaintiff,

  -against-                                        **STATEMENT PURSUANT TO
                                                   CPLR §3042**

620 W 153 REALTY LLC and ON STAR
MANAGEMENT LLC,

               Defendants.
----------------------------------------------------------------------x
620 W 153 REALTY LLC and ON STAR
MANAGEMENT LLC,

              Third-Party Plaintiffs,

  -against-

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.

             Third-Party Defendants.
----------------------------------------------------------------------x

**C O U N S E L O R S:**

    **PLEASE TAKE NOTICE**, that in the above-entitled action, the Third-Party Plaintiffs, 620 W 153 REALTY LLC and ON STAR MANAGEMENT LLC, have impleaded, BATCO ASSOCIATES LLC, GRD SAFETY INC, and CMG IMPROVEMENTS, INC., as Third-Party Defendants, that the caption of the action is now set forth above, and that a copy of this statement has been served on all of the attorneys who have appeared in this action. A note of issue has not yet been served and the case has not been noticed for trial.

Dated:    March 13, 2024
           New York, New York

                                  WOOD SMITH HENNING & BERMAN, LLP.

                                  *Fationa Mamo*
                                  By:_____
                                  Fationa Mamo, Esq.
                                  *Attorneys for Defendants/Third-Party Plaintiffs*
                                  *620 W 153 Realty LLC and On Star Management*

27301138.2:10331-0219

685 Third Avenue, 18th Floor
New York, NY 10038
(646) 965-0864
fmamo@wshblaw.com
WSHB File No.: 10331.0219

TO: *All parties via NYSCEF*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------x
ANDREA LISSETH ARMIJOS ABAD,                        Index No.:520767/2022

                            Plaintiff,       **THIRD-PARTY SUMMONS**

       -against-

620 W 153 REALTY LLC and ON STAR
MANAGEMENT LLC,

                     Defendants.
---------------------------------------------------------------------x
620 W 153 REALTY LLC and ON STAR
MANAGEMENT LLC,

               Third-Party Plaintiffs,

       -against-

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.

               Third-Party Defendants.
---------------------------------------------------------------------x

To Third-Party Defendants:

**BATCO ASSOCIATES LLC.**
1377 40th Street
Brooklyn, New York 11218

**GRD SAFETY INC.**
7502 Ridge Blvd., Apt B2
Brooklyn, New York 11209

**CMG IMPROVEMENTS INC.**
51 Forest Rd. #316-243
Monroe, NY 10950

       **YOU ARE HEREBY SUMMONED**, to answer the Third-Party Complaint of the Third-

Party Plaintiffs, a copy of which is herewith served upon you, and to serve copies of your Third-

Party Answer upon the undersigned attorneys for Third-Party Plaintiffs within twenty (20) days after

service of this Third-Party Summons and Third-Party Complaint, exclusive of the date of service, or

within thirty (30) days after service is complete if service is made by any method other than personal

27301138.2:10331-0219

delivery to you within the State of New York. In the event that you fail to answer the Third-Party Complaint of the Third-Party Plaintiffs, judgment will be taken against you by default for the relief demanded in the Third-Party Complaint.

Dated:       March 13, 2024
               New York, New York

WOOD SMITH HENNING & BERMAN, LLP.

*Fationa Mamo*

By:_____
Fationa Mamo, Esq.
*Attorneys for Defendants/Third-Party Plaintiffs*
*620 W 153 Realty LLC and On Star Management*
685 Third Avenue, 18th Floor
New York, NY 10038
(646) 965-0864
fmamo@wshblaw.com
WSHB File No.: 10331.0219

TO:    *All parties via NYSCEF*

27301138.2:10331-0219

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
ANDREA LISSETH ARMIJOS ABAD,

               Plaintiff,

-against-

620 W 153 REALTY LLC and ON STAR
MANAGEMENT LLC,

               Defendants.
-----------------------------------------------------------------------x
620 W 153 REALTY LLC and ON STAR
MANAGEMENT LLC,

               Third-Party Plaintiffs,

-against-

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.

               Third-Party Defendants.
-----------------------------------------------------------------------x

Index No.:520767/2022

**VERIFIED THIRD-PARTY COMPLAINT**

        Defendants/Third-Party Plaintiffs 620 W 153 REALTY LLC and ON STAR MANAGEMENT LLC (hereinafter "defendants and/or defendants/third-party plaintiffs") by their attorneys WOOD SMITH HENNING & BERMAN LLP., as and for their Verified Third-Party Complaint against Third-Party Defendants, BATCO ASSOCIATES LLC, GRD SAFETY INC, and CMG IMPROVEMENTS, INC., respectfully allege upon information and belief, as follows:

1. That at all times hereinafter mentioned, the defendants/third-party plaintiffs 620 W 153 REALTY LLC and ON STAR MANAGEMENT LLC were New York State domestic business corporations authorized to do business in the State of New York.

2. That at all times hereinafter mentioned, the third-party defendant BATCO ASSOCIATES LLC was and still is a Domestic Business Corporation which, by reason of its doing business in the State of New York and transacting business in the State of New York, is subject to the jurisdiction of this Court.

3. At all times hereinafter mentioned, the third-party defendant, BATCO ASSOCIATES LLC was and is a domestic business corporation, duly organized and existing under the laws of the State of New York.

27301138.2:10331-0219

4. That at all times hereinafter mentioned, the third-party defendant GRD SAFETY INC was and still is a Domestic Business Corporation which, by reason of its doing business in the State of New York and transacting business in the State of New York, is subject to the jurisdiction of this Court.

5. At all times hereinafter mentioned, the third-party defendant, GRD SAFETY INC was and is a domestic business corporation, duly organized and existing under the laws of the State of New York.

6. That at all times hereinafter mentioned, the third-party defendant CMG IMPROVEMENTS, INC., was and still is a Domestic Business Corporation which, by reason of its doing business in the State of New York and transacting business in the State of New York, is subject to the jurisdiction of this Court.

7. At all times hereinafter mentioned, the third-party defendant, CMG IMPROVEMENTS, INC., was and is a domestic business corporation, duly organized and existing under the laws of the State of New York.

8. That heretofore an action has been commenced in this Court against defendants/third-party-plaintiffs 620 W 153 REALTY LLC and ON STAR MANAGEMENT LLC, by plaintiff, ANDREA LISSETH ARMIJOS ABAD.

9. Without admitting the truth of the allegations contained therein, which are denied, a copy of plaintiff's Summons and Complaint filed on July 21, 2022, is attached hereto as **Exhibit A**.

10. That plaintiff, ANDREA LISSETH ARMIJOS ABAD. , has damages arising out of an alleged accident that occurred at the subject premises located at 620 W 153rd Street, NY, NY, (hereinafter "premises") on July 15, 2022.

11. On July 15, 2022, BATCO ASSOCIATES LLC was hired to perform structural framing interior, insulation, drywall and trimmings, at the premises.

12. Prior to July 15, 2022, BATCO ASSOCIATES LLC entered into an agreement to perform certain work and services at the premises and to hold harmless and indemnify

27301138.2:10331-0219

defendants/third-party plaintiffs in connection with the performance of their work at the premises. A copy of this agreement is annexed hereto as **Exhibit B**.

13. That plaintiff has damages arising out of an alleged incident that occurred at the subject premises on July 15, 2022, where BATCO ASSOCIATES LLC was required to deliver certain services at the premises.

14. On July 15, 2022, GRD SAFETY INC. was hired to perform all safety services and supervision at the premises, including but not limited to, developing and maintaining site specific worker orientation program, maintain daily NYC DOB SST and maintain weekly project site safety meeting notes and logbook.

15. Prior to July 15, 2022, GRD SAFETY INC. entered into an agreement to perform certain work and services at the premises and to hold harmless and indemnify defendants/third-party plaintiffs in connection with the performance of their work at the premises. A copy of this agreement is annexed hereto as **Exhibit C**.

16. That plaintiff has damages arising out of an alleged incident that occurred at the subject premises on July 15, 2022, where GRD SAFETY INC. was required to deliver certain services at the premises.

17. On July 15, 2022, plaintiff was employed by CMG IMPROVEMENTS INC. while working at the premises.

18. On July 15, 2022, CMG IMPROVEMENTS INC. was hired to perform insulation, drywall and interior framings work at the premises.

19. Prior to July 15, 2022, CMG IMPROVEMENTS INC. entered into an agreement to perform certain work and services at the premises and to hold harmless and indemnify defendants/third-party plaintiffs in connection with the performance of their work at the premises. A copy of this agreement is annexed hereto as **Exhibit D**.

20. That plaintiff has damages arising out of an alleged incident that occurred at the subject premises on July 15, 2022, where CMG IMPROVEMENTS INC. was required to deliver certain services at the premises.

21. That the within action is not on the trial calendar of this Court.

22. That defendants/third-party plaintiffs have generally denied their liability to plaintiff, but notwithstanding such denial, are exposed to damage by reason of possible verdict or judgment.

23. That by reason of such exposure to damage, this impleader is made against, BATCO ASSOCIATES LLC, GRD SAFETY INC, and CMG IMPROVEMENTS, INC., by reason of their negligence, wrongful conduct in the operation and/or control of the subject premises and the failure to render or the improper rendering of services pursuant to an agreement entered into by against BATCO ASSOCIATES LLC, GRD SAFETY INC, and CMG IMPROVEMENTS, INC.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT BATCO ASSOCIATES LLC**

**COMMON LAW INDEMNIFICATION**

24. Defendants/third-party plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "23" of the Third-Party Complaint above with the same force and effect as if set forth at length herein.

25. If Plaintiff sustained the injures and damages complained of in his Complaint through any negligence, recklessness, fault or culpable conduct other than his own, such injuries and damages were by the wrongful conduct, breach of conduct and negligence of BATCO ASSOCIATES LLC in that, among other things, through their agents, servants and employees and/or subcontractors BATCO ASSOCIATES LLC failed to properly instruct and supervise its employees in the proper method of accomplishing and completing the work agreed to be done in their contract.

26. If the Plaintiff sustained damages at the time and place set forth in the complaint due to any culpability other than his own, such damages were sustained by reason of the primary and active carelessness, recklessness, negligence and affirmative acts of omission and commission and breach of contract, gross negligence and breach of statute of Third-Party

27301138.2:10331-0219

Defendant BATCO ASSOCIATES LLC without any negligence or fault of the Defendants/Third-Party Plaintiffs contributing thereto.

27. That although Defendants/Third-Party Plaintiffs have generally denied the allegations of wrongdoing asserted against it, nevertheless, should Defendants/Third-Party Plaintiffs be found liable to Plaintiff then such liability shall derive from the active and affirmative wrongdoing of BATCO ASSOCIATES LLC while any wrongdoing of Defendants/Third-Party Plaintiffs will have been passive and secondary only. By reason thereof, Defendants/Third-Party Plaintiffs shall be entitled to complete indemnity from BATCO ASSOCIATES LLC. That by reason thereof, Defendants/Third-Party Plaintiffs are entitled to full and complete indemnity from BATCO ASSOCIATES LLC.

28. That as a result of BATCO ASSOCIATES LLC negligence, breach of contract, breach of statute, gross negligence, or combination thereof, Defendant/Third-Party Plaintiffs have incurred and will continue to incur liability for costs, disbursements, and counsel fees in defending Plaintiff's action, and have incurred and will continue to incur other special damages and expenses in connection therewith, and that Third-Party Defendant BATCO ASSOCIATES LLC will be bound to indemnify Defendants/Third-Party Plaintiffs for any and all legal fees and other costs, disbursements and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT BATCO ASSOCIATES LLC

### CONTRIBUTION

29. Defendants/third-party plaintiffs repeat, reiterate and reallege each and every allegation set forth in the paragraphs numbered "1" through "28" inclusive, with the same force and effect as if set forth at length herein.

30. That although Defendants/third-party plaintiffs have generally denied the allegations of wrongdoing asserted against them, nevertheless, if Defendants/third-party plaintiffs are found to be liable to the Plaintiff, and if complete indemnity is not granted in furtherance of the first cause of action hereinabove, then Defendants/third-party plaintiffs are nevertheless entitled to contribution from BATCO ASSOCIATES LLC in proportion to the relative

27301138.2:10331-0219

degrees of wrongdoing as between Defendants/third-party plaintiffs on the one part, and BATCO ASSOCIATES LLC on the other part.

31. That, by reason thereof, Defendants/third-party plaintiffs is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT BATCO ASSOCIATES LLC

### CONTRACTUAL INDEMNITY

32. Defendants/Third-Party Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in the paragraphs numbered "1" through "31" inclusive, with the same force and effect as if set forth at length herein.

33. That an agreement was made by BATCO ASSOCIATES LLC pursuant to which BATCO ASSOCIATES LLC undertook to indemnify Defendants/Third-Party Plaintiffs for loss or damage sustained by Defendants/Third-Party Plaintiffs arising out of the scope of the undertaking of BATCO ASSOCIATES LLC including the undertaking at the subject premises.

34. That demand has been made BATCO ASSOCIATES LLC or its representatives, to undertake the defense and indemnity of Defendants/Third-Party Plaintiffs but such has not been undertaken.

35. That by reason thereof, Defendants/Third-Party Plaintiffs is entitled to judgment against BATCO ASSOCIATES LLC for full indemnity together with those costs incurred by Defendants/Third-Party Plaintiffs in the defense of the within action, including, but not limited to, counsel fees and expenses.

27301138.2:10331-0219

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT BATCO ASSOCIATES LLC

### BREACH OF AGREEMENT TO SECURE LIABILITY INSURANCE

36. Defendants/Third-Party Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in the paragraphs numbered "1" through "35" inclusive, with the same force and effect as if set forth at length herein.

37. BATCO ASSOCIATES LLC pursuant to an agreement, agreed to secure liability insurance in favor of or for the benefit of Defendants/Third-Party Plaintiffs for such liabilities as might be rendered against Defendants/Third-Party Plaintiffs arising out of services to be rendered by BATCO ASSOCIATES LLC at the subject premises

38. That, heretofore, Defendants/Third-Party Plaintiffs have made a demand that a liability insurer undertake the defense and indemnity of Defendants/Third-Party Plaintiffs with respect to the within action, but no liability insurer has fully done so.

39. That, upon information and belief, BATCO ASSOCIATES LLC has breached its agreement.

40. That, by reason thereof, Defendants/Third-Party Plaintiffs are entitled to full indemnity from BATCO ASSOCIATES LLC together with costs and expenses incurred in the defense of the within action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GRD SAFETY INC

### COMMON LAW INDEMNIFICATION

41. Defendants/third-party plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "40" of the Third-Party Complaint above with the same force and effect as if set forth at length herein.

42. If Plaintiff sustained the injures and damages complained of in his Complaint through any negligence, recklessness, fault or culpable conduct other than his own, such injuries and damages were by the wrongful conduct, breach of conduct and negligence of GRD SAFETY INC in that, among other things, through their agents, servants and employees and/or

27301138.2:10331-0219

subcontractors GRD SAFETY INC failed to properly instruct and supervise its employees in the proper method of accomplishing and completing the work agreed to be done in their contract.

43. If the Plaintiff sustained damages at the time and place set forth in the complaint due to any culpability other than his own, such damages were sustained by reason of the primary and active carelessness, recklessness, negligence and affirmative acts of omission and commission and breach of contract, gross negligence and breach of statute of Third-Party Defendant GRD SAFETY INC without any negligence or fault of the Defendants/Third-Party Plaintiffs contributing thereto.

44. That although Defendants/Third-Party Plaintiffs have generally denied the allegations of wrongdoing asserted against it, nevertheless, should Defendants/Third-Party Plaintiffs be found liable to Plaintiff then such liability shall derive from the active and affirmative wrongdoing of GRD SAFETY INC while any wrongdoing of Defendants/Third-Party Plaintiffs will have been passive and secondary only. By reason thereof, Defendants/Third-Party Plaintiffs shall be entitled to complete indemnity from GRD SAFETY INC. That by reason thereof, Defendants/Third-Party Plaintiffs are entitled to full and complete indemnity from GRD SAFETY INC.

45. That as a result of GRD SAFETY INC negligence, breach of contract, breach of statute, gross negligence, or combination thereof, Defendant/Third-Party Plaintiffs have incurred and will continue to incur liability for costs, disbursements, and counsel fees in defending Plaintiff's action, and have incurred and will continue to incur other special damages and expenses in connection therewith, and that Third-Party Defendant GRD SAFETY INC will be bound to indemnify Defendants/Third-Party Plaintiffs for any and all legal fees and other costs, disbursements and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GRD SAFETY INC

### CONTRIBUTION

46. Defendants/third-party plaintiffs repeat, reiterate and reallege each and every allegation set forth in the paragraphs numbered "1" through "45" inclusive, with the same force and effect as if set forth at length herein.

47. That although Defendants/third-party plaintiffs have generally denied the allegations of wrongdoing asserted against them, nevertheless, if Defendants/third-party plaintiffs are found to be liable to the Plaintiff, and if complete indemnity is not granted in furtherance of the first cause of action hereinabove, then Defendants/third-party plaintiffs are nevertheless entitled to contribution from GRD SAFETY INC in proportion to the relative degrees of wrongdoing as between Defendants/third-party plaintiffs on the one part, and GRD SAFETY INC on the other part.

48. That, by reason thereof, Defendants/third-party plaintiffs is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GRD SAFETY INC

### CONTRACTUAL INDEMNITY

49. Defendants/Third-Party Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in the paragraphs numbered "1" through "48" inclusive, with the same force and effect as if set forth at length herein.

50. That an agreement was made by GRD SAFETY INC pursuant to which GRD SAFETY INC undertook to indemnify Defendants/Third-Party Plaintiffs for loss or damage sustained by Defendants/Third-Party Plaintiffs arising out of the scope of the undertaking of GRD SAFETY INC including the undertaking at the subject premises.

51. That demand has been made GRD SAFETY INC or its representatives, to undertake the defense and indemnity of Defendants/Third-Party Plaintiffs but such has not been undertaken.

27301138.2:10331-0219

52. That by reason thereof, Defendants/Third-Party Plaintiffs is entitled to judgment against GRD SAFETY INC for full indemnity together with those costs incurred by Defendants/Third-Party Plaintiffs in the defense of the within action, including, but not limited to, counsel fees and expenses.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT GRD SAFETY INC

### BREACH OF AGREEMENT TO SECURE LIABILITY INSURANCE

53. Defendants/Third-Party Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in the paragraphs numbered "1" through "52" inclusive, with the same force and effect as if set forth at length herein.

54. GRD SAFETY INC pursuant to an agreement, agreed to secure liability insurance in favor of or for the benefit of Defendants/Third-Party Plaintiffs for such liabilities as might be rendered against Defendants/Third-Party Plaintiffs arising out of services to be rendered by GRD SAFETY INC at the subject premises.

55. That, heretofore, Defendants/Third-Party Plaintiffs have made a demand that a liability insurer undertake the defense and indemnity of Defendants/Third-Party Plaintiffs with respect to the within action, but no liability insurer has fully done so.

56. That, upon information and belief, GRD SAFETY INC has breached its agreement.

57. That, by reason thereof, Defendants/Third-Party Plaintiffs are entitled to full indemnity from GRD SAFETY INC together with costs and expenses incurred in the defense of the within action.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CMG IMPROVEMENTS, INC.

### COMMON LAW INDEMNIFICATION

58. Defendants/third-party plaintiffs repeat and reallege each and every allegation in paragraphs "1" through "57" of the Third-Party Complaint above with the same force and effect as if set forth at length herein.

27301138.2:10331-0219

59. If Plaintiff sustained the injures and damages complained of in his Complaint through any negligence, recklessness, fault or culpable conduct other than his own, such injuries and damages were by the wrongful conduct, breach of conduct and negligence of CMG IMPROVEMENTS, INC. in that, among other things, through their agents, servants and employees and/or subcontractors CMG IMPROVEMENTS, INC. failed to properly instruct and supervise its employees in the proper method of accomplishing and completing the work agreed to be done in their contract.

60. If the Plaintiff sustained damages at the time and place set forth in the complaint due to any culpability other than his own, such damages were sustained by reason of the primary and active carelessness, recklessness, negligence and affirmative acts of omission and commission and breach of contract, gross negligence and breach of statute of Third-Party Defendant CMG IMPROVEMENTS, INC. without any negligence or fault of the Defendants/Third-Party Plaintiffs contributing thereto.

61. That although Defendants/Third-Party Plaintiffs have generally denied the allegations of wrongdoing asserted against it, nevertheless, should Defendants/Third-Party Plaintiffs be found liable to Plaintiff then such liability shall derive from the active and affirmative wrongdoing of CMG IMPROVEMENTS, INC. while any wrongdoing of Defendants/Third-Party Plaintiffs will have been passive and secondary only. By reason thereof, Defendants/Third-Party Plaintiffs shall be entitled to complete indemnity from CMG IMPROVEMENTS, INC. That by reason thereof, Defendants/Third-Party Plaintiffs are entitled to full and complete indemnity from CMG IMPROVEMENTS, INC.

62. That as a result of CMG IMPROVEMENTS, INC. negligence, breach of contract, breach of statute, gross negligence, or combination thereof, Defendant/Third-Party Plaintiffs have incurred and will continue to incur liability for costs, disbursements, and counsel fees in defending Plaintiff's action, and have incurred and will continue to incur other special damages and expenses in connection therewith, and that Third-Party Defendant CMG IMPROVEMENTS, INC. will be bound to indemnify Defendants/Third-Party Plaintiffs for any and all legal fees and other costs, disbursements and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CMG IMPROVEMENTS, INC.

### CONTRIBUTION

63. Defendants/third-party plaintiffs repeat, reiterate and reallege each and every allegation set forth in the paragraphs numbered "1" through "62" inclusive, with the same force and effect as if set forth at length herein.

64. That although Defendants/third-party plaintiffs have generally denied the allegations of wrongdoing asserted against them, nevertheless, if Defendants/third-party plaintiffs are found to be liable to the Plaintiff, and if complete indemnity is not granted in furtherance of the first cause of action hereinabove, then Defendants/third-party plaintiffs are nevertheless entitled to contribution from CMG IMPROVEMENTS, INC. in proportion to the relative degrees of wrongdoing as between Defendants/third-party plaintiffs on the one part, and CMG IMPROVEMENTS, INC. on the other part.

65. That, by reason thereof, Defendants/third-party plaintiffs is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CMG IMPROVEMENTS, INC.

### CONTRACTUAL INDEMNITY

66. Defendants/Third-Party Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in the paragraphs numbered "1" through "65" inclusive, with the same force and effect as if set forth at length herein.

67. That an agreement was made by CMG IMPROVEMENTS, INC. pursuant to which CMG IMPROVEMENTS, INC. undertook to indemnify Defendants/Third-Party Plaintiffs for loss or damage sustained by Defendants/Third-Party Plaintiffs arising out of the scope of the undertaking of CMG IMPROVEMENTS, INC. including the undertaking at the subject premises.

27301138.2:10331-0219

68. That demand has been made CMG IMPROVEMENTS, INC. or its representatives, to undertake the defense and indemnity of Defendants/Third-Party Plaintiffs but such has not been undertaken.

69. That by reason thereof, Defendants/Third-Party Plaintiffs is entitled to judgment against CMG IMPROVEMENTS, INC. for full indemnity together with those costs incurred by Defendants/Third-Party Plaintiffs in the defense of the within action, including, but not limited to, counsel fees and expenses.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT CMG IMPROVEMENTS, INC.

### BREACH OF AGREEMENT TO SECURE LIABILITY INSURANCE

70. Defendants/Third-Party Plaintiffs repeat, reiterate, and reallege each and every allegation set forth in the paragraphs numbered "1" through "69" inclusive, with the same force and effect as if set forth at length herein.

71. CMG IMPROVEMENTS, INC. pursuant to an agreement, agreed to secure liability insurance in favor of or for the benefit of Defendants/Third-Party Plaintiffs for such liabilities as might be rendered against Defendants/Third-Party Plaintiffs arising out of services to be rendered by CMG IMPROVEMENTS, INC. at the subject premises.

72. That, heretofore, Defendants/Third-Party Plaintiffs have made a demand that a liability insurer undertake the defense and indemnity of Defendants/Third-Party Plaintiffs with respect to the within action, but no liability insurer has fully done so.

73. That, upon information and belief, CMG IMPROVEMENTS, INC. has breached its agreement.

74. That, by reason thereof, Defendants/Third-Party Plaintiffs are entitled to full indemnity from CMG IMPROVEMENTS, INC. together with costs and expenses incurred in the defense of the within action.

**WHEREFORE,** Defendants/Third-Party Plaintiffs, 620 W 153 REALTY LLC and ON STAR MANAGEMENT LLC demand judgment against Third-Party Defendants, BATCO ASSOCIATES

27301138.2:10331-0219

LLC, GRD SAFETY INC, and CMG IMPROVEMENTS, INC., as follows: common law indemnification on the first causes of action; contribution on the second causes of action; contractual indemnity on third causes of action; breach of agreement to procure insurance on the fourth causes of action; and together with the costs and disbursements of this action.

Dated:        March 13, 2024
                New York, New York

                                      WOOD, SMITH, HENNING & BERMAN LLP

                                      By: *Fationa Mamo*

## ATTORNEY'S VERIFICATION

**FATIONA MAMO**, an attorney duly admitted to practice before the Courts of the State of New York and fully aware of the penalties of perjury, hereby affirms as follows:

Affirmant is an associate with the law firm of WOOD SMITH HENNING & BERMAN, LLP. attorneys for answering defendants/third-party plaintiffs in the within action, and is fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding the same maintained in the offices of said law firm.

Affirmant has read the foregoing **THIRD-PARTY COMPLAINT** and knows the contents thereof based on the file maintained by the file of the said law firm.

The grounds of Affirmant's belief as to all matters not stated to be Affirmant's knowledge are investigative and other information contained in the file of the said law firm.

The reason this verification is being made by me and not by the answering defendant is because the answering defendant's place of business is not within the County wherein your Affirmant maintains her office.

Dated:   New York, New York
         March 13, 2024

                                    WOOD, SMITH, HENNING & BERMAN LLP

                                    By: *Fationa Mamo*