# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------------X
ANDREA LISSETH ARMIJOS ABAD,

       Plaintiff,

  against –

620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC.

       Defendants.
--------------------------------------------------------------------------X
620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC.

       Third-Party Plaintiffs,

 - against –

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.,

       Third-Party Defendants.
--------------------------------------------------------------------------X
CMG IMPROVEMENTS, INC.,

       Second Third-Party Plaintiff,

 - against –

EC INTERIORS REMODELING INC.,

       Second Third-Party Defendant.
--------------------------------------------------------------------------X

Index No.: 520767/2022

**STATEMENT UNDER §3402**

  **PLEASE TAKE NOTICE**, that the above-named second third-party defendant has been brought into this action pursuant to Section 1007 of the CPLR and the title of the action is changed accordingly to read as above.

Dated: Elmsford, New York
        September 30, 2024

Yours, etc.,

_____
Amy S. Weissman, Esq
PILLINGER MILLER TARALLO, LLP
Attorneys for Third-Party Defendant/Second Third-Party Plaintiff
**CMG IMPROVEMENTS, INC.,**
555 Taxter Road, 5th Floor
Elmsford, New York 10523
(914) 829-9048
File No.: ASW-PROS-00265

TO:    WOOD SMITH HENNING & BERMAN, LLP
Attorneys for Defendants/third-Party Plaintiffs
**620 W 153 REALTY LLC and ON STAR MANAGEMENT**
685 Third Avenue, 18th Floor
New York, New York 10038
(646) 965-0864
tabatemarco@wshblaw.com
acurley@wshblaw.com

William Schwitzer Associates
Attorneys for Plaintiff
**ANDREA LISSETH ARMIJOS ABAD**
820 2nd Ave, 10th Floor
New York, NY 10017
(212) 685-7800
Attn: BETH M. DIAMOND, Esq.
bdiamond@wsatlaw.com

LIBERTY MUTUAL
Attorneys for Third-Party Defendant
**BATCO ASSOCIATES LLC**
PO Box 6835
Scranton, PA 18505-6840
(212) 709-3167
brian.lifericdge@libertymutual.com

MOLOD SPITZ & DeSANTIS, P.C.
Attorneys for Third-Party Defendant

**GRD SAFETY INC.**
1430 Broadway, 21st Floor
New York, New York 10018
(212) 869-3200

**EC INTERIORS REMODELING INC.**
5841 Waldron Street
Corona, New York 11368

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X    Index No.: 520767/2022
ANDREA LISSETH ARMIJOS ABAD,

                      Plaintiff,    **SECOND-THIRD**
                                                                                                     **PARTY SUMMONS**
                against –

620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC.

                      Defendants.
-------------------------------------------------------------------------X
620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC.

                      Third-Party Plaintiffs,

        - against –

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.,

                      Third-Party Defendants.
-------------------------------------------------------------------------X
CMG IMPROVEMENTS, INC.,

                      Second Third-Party
                      Plaintiff,

        - against –

EC INTERIORS REMODELING INC.,

                      Second Third-Party
                      Defendant.
-------------------------------------------------------------------------X

**TO THE ABOVE-NAMED SECOND THIRD-PARTY DEFENDANT:**

      **EC Interiors Remodeling Inc.**
      **5841 Waldron Street**
      **Corona, New York 11368**

**YOU ARE HEREBY SUMMONED** to answer the within Second Third-Party Summons and Complaint in this action and to serve copies of your Answer upon the undersigned; upon William Schwitzer Associates, 820 2nd Avenue, 10th Floor, New York, New York 10017; Wood smith Henning & Berman, LLP., 685 Third Avenue, 18th Floor, New York, New York 10038; BATCO ASSOCIATES LLC., 1377 40th Street, Brooklyn, New York 11218; GRD SAFETY Inc., 84 Main Street, Cold Spring Harbor, New York 11724; within twenty (20) days after service of this Second Third-Party Summons and Complaint upon you exclusive of the day of service or thirty (30) days if served otherwise than personally and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Second Third-Party Complaint.

Dated: Elmsford, New York
September 30, 2024

Yours, etc.,

_____
Amy S. Weissman, Esq
PILLINGER MILLER TARALLO, LLP
Attorneys for Third-Party Defendant/Second Third-Party Plaintiff
**CMG IMPROVEMENTS, INC.,**
555 Taxter Road, 5th Floor
Elmsford, New York 10523
(914) 829-9048
File No.: ASW-PROS-00265

TO: WOOD SMITH HENNING & BERMAN, LLP
Attorneys for Defendants/third-Party Plaintiffs
**620 W 153 REALTY LLC and ON STAR MANAGEMENT**
685 Third Avenue, 18th Floor
New York, New York 10038
(646) 965-0864
tabatemarco@wshblaw.com
acurley@wshblaw.com

William Schwitzer Associates
Attorneys for Plaintiff
**ANDREA LISSETH ARMIJOS ABAD**
820 2nd Ave, 10th Floor
New York, NY 10017
(212) 685-7800
Attn: BETH M. DIAMOND, Esq.
bdiamond@wsatlaw.com

LIBERTY MUTUAL
Attorneys for Third-Party Defendant
**BATCO ASSOCIATES LLC**
PO Box 6835
Scranton, PA 18505-6840
(212) 709-3167
brian.liferiedge@libertymutual.com

MOLOD SPITZ & DeSANTIS, P.C.
Attorneys for Third-Party Defendant
**GRD SAFETY INC.**
1430 Broadway, 21st Floor
New York, New York 10018
(212) 869-3200

**EC INTERIORS REMODELING INC.**
5841 Waldron Street
Corona, New York 11368

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------------X
ANDREA LISSETH ARMIJOS ABAD,                                **Index No.: 520767/2022**

                Plaintiff,

      against –                                                **VERIFIED SECOND THIRD-PARTY COMPLAINT**

620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC.

                Defendants.
---------------------------------------------------------------------------X
620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC.

                Third-Party Plaintiffs,

     - against –

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.,

                Third-Party Defendants.
---------------------------------------------------------------------------X
CMG IMPROVEMENTS, INC.,

                Second Third-Party Plaintiff,

     - against –

EC INTERIORS REMODELING INC.,

                Second Third-Party Defendant.
---------------------------------------------------------------------------X

      Third-Party Defendant/Second Third-Party Plaintiff, **CMG IMPROVEMENTS, INC.**

**(**hereinafter referred to as **"CMG"**,) by and through its attorneys, PILLINGER MILLER

TARALLO, LLP as and for its Verified Second Third-Party Complaint, respectfully alleges,

upon information and belief as follows:

1. That at all times hereinafter mentioned, second third-party defendant, **EC INTERIORS REMODELING INC., ("EC")** was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business located in Queens County.

2. That at all times hereinafter mentioned, second third-party defendant, **EC**, was and still is in the construction business and more specifically the insulation/trimming/carpentry business.

3. That prior to July 15, 2022, and more particularly, on or about June 30, 2020, **EC** entered into an agreement with third-party defendant/second third-party plaintiff, **CMG,** to provide certain work, labor and services for the project located at 620 West 153rd Street, in the County, City and State of New York.

4. That at all times hereinafter mentioned, and more particularly, on July 15, 2022, plaintiff, **ANDREA LISSETH ARMIJOS ABAD ("ABAD")**, was an employee of second third-party defendant **EC.**

5. That at all times hereinafter mentioned, and more particularly, on July 15, 2022, plaintiff, **ABAD**, was in the course and scope of her employment for second third-party defendant **EC.**

6. That at all times hereinafter mentioned, and more particularly, on July 15, 2022, plaintiff, **ABAD** was under the supervision, direction and control of second third-party defendant **EC.**

7. That plaintiff, **ABAD** commenced an action against defendants/third-party plaintiffs by service of a Summons a Verified Complaint. Copies of the Summons and Verified Complaint and defendants/third-party plaintiffs' Answer is annexed hereto as

Exhibit "**A**" and third-party defendant/second third-party plaintiff begs leave to refer to same as if fully set forth herein, but without admitting any of the allegations contained therein.

8.  That defendants/third-party plaintiffs commenced an action against third-party defendant/second third-party plaintiff, **CMG**, by service of a Summons and Third-Party Complaint. Copies of the Summons and Third-Party Complaint and third-party defendant/second third-party plaintiff's Answer are annexed hereto as Exhibit "**B**" and the third-party defendant/second third-party plaintiff begs leave to refer to same as if fully set forth herein, but without admitting any of the allegations contained therein.

9.  That plaintiff, **ABAD**, alleges that on or about July 15, 2022, she was caused to sustain injury as a result of the negligence and violation of New York State Labor Law §§ 200, 240(1), and 241 of the defendants/third-party plaintiffs.

10. That if the plaintiff, **ABAD**, and/or defendants/third-party plaintiffs were caused to sustain injury and damages at the time and place and in a manner set forth in the Verified Complaint and third-party complaint, such injury and damages were brought about the primary and sole negligence and violation of New York State Labor Law §§ 200, 240, and 241 of the second third-party defendant, **EC**, and without any negligence whatsoever on the part of the third-party defendant/second third-party plaintiff.

11. That upon information and belief, and without prejudice to the defense of the underlying action and/or third-party action, plaintiff, **ABAD**, sustained a "grave injury" as that term is defined in Workers' Compensation Law §11 and that by virtue thereof, this second third-party action for contribution and common law indemnification is not proscribed.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST SECOND THIRD-PARTY DEFENDANT, EC

12. The third-party defendant/second third-party plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 11 as if restated herein at length.

13. That if by reason of the foregoing, the plaintiff and/or defendants/third-party plaintiffs recover judgment against the third-party defendant/second third-party plaintiff, **CMG,** said third-party defendant/second third-party plaintiff is entitled to contribution and judgment over and against the second third-party defendant, **EC** for the full amount of said judgment together with costs, disbursements and counsel fees or for any part thereof obtained and/or recovered on the basis of apportionment and responsibility to the alleged occurrence is found by the court and/or jury.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST SECOND THIRD-PARTY DEFENDANT, EC

14. The third-party defendant/second third-party plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 13 as if restated herein at length.

15. If the plaintiff and/or defendants/third-party plaintiffs sustained damages as alleged in the complaint/third-party complaint through any fault other than the plaintiff's and/or defendants/third-party plaintiffs' own fault, then such damages were sustained due to the sole fault of the second third-party defendant above named, and if the plaintiff and/or defendants/third-party plaintiffs should obtain and/or recover judgment against third-party defendant/second third-party plaintiff, said third-party defendant/second third-party plaintiff is entitled to common law indemnification and judgment over and against

second third-party defendant, **EC**, for the full amount of any such judgment together with cost, disbursements and counsel fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST SECOND THIRD-PARTY DEFENDANT, EC

16. The third-party defendant/second third-party plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 15 as if restated herein at length.

17. That the agreement entered into between **CMG** and **EC** obligated the second third-party defendant to indemnify and hold harmless the third-party defendant/second third-party plaintiff, **CMG.**

18. That the said agreement provided, *inter alia,* as follows:

> 1. **Indemnity.** In consideration of the Contract Agreement, and to the fullest extent permitted by law, the Subcontractor shall defend and shall indemnify, and hold harmless, at Subcontractor's sole expense, the Contractor, all entities the Contractor is required indemnify and hold harmless, the Owner of the property, and the officers, directors, agents, employees, successors and assigns of each of them from and against all liability or claimed liability for bodily injury or death to any person{s), and for any and all property damage or economic damage, including all attorney fees, disbursements and related costs, arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through the Subcontractor or by anyone for whose acts the Subcontractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties. This indemnity agreement shall survive the completion of the Work specified in the Contract Agreement.

19. That the damages allegedly sustained by the plaintiff and/or defendants/third-party plaintiffs arose out of the performance of the work of second third-party defendant, **EC**, its sub-subcontractors, anyone employed by them or anyone for whose acts it may be liable.

20. That by reason of the foregoing, if plaintiff and/or defendants/third-party plaintiffs recover judgment against third-party defendant/second third-party plaintiff, said third-party defendant/second third-party plaintiff is entitled to contractual indemnification

and judgment over and against second third-party defendant, **EC,** for the full amount of any such judgment together with interest, costs, disbursements and counsel fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST SECOND THIRD-PARTY DEFENDANT, EC

21.     The third-party defendant/second third-party plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs 1 through 20 as if restated herein at length.

22.     Second third-party defendant, **EC**, agreed to provide and maintain at its own expense general liability insurance, naming third-party defendant/second third-party plaintiff, **CMG,** as additional insured in connection with its work.

23.     The said subcontract agreement provided *inter alia* as follows:

**2.     Insurance.** The Subcontractor shall procure and shall maintain until final acceptance of the Work, such insurance as will protect the Contractor, all entities the Contractor is required indemnify and hold harmless, the Owner, and their officers, directors, agents and employees, for claims arising out of or resulting from Subcontractor's Work under this Contract Agreement, whether performed by the Subcontractor, or by anyone directly or indirectly employed by Subcontractor, or by anyone for whose acts Subcontractor may be liable. Such insurance shall be provided by an insurance carrier rated "A-" or better by
A.M. Best and lawfully authorized to do business in the jurisdiction where the Work is being performed.

2.1.    The Subcontractor's insurance shall include contractual liability coverage and additional insured coverage for the benefit of the Contractor, Owner and anyone else the Owner is required to name (as set forth in the schedule below), and shall specifically include coverage for completed operations. The insurance required to be carried by the Subcontractor and any Sub-Sub-Contractors shall be PRIMARY AND NON-CONTRIBUTORY. With respect to each type of insurance specified hereunder, the Contractor's and Owner's insurances shall be excess to Subcontractor's insurance.

2.2.    The Subcontractor warrants that the coverage provided under the commercial general liability policy shall be written on an "occurrence" basis with coverage as broad as the Insurance Service Office Inc.'s form and that no policy provisions shall restrict, reduce, limit or otherwise impair contractual liability coverage or the Contractor's, Owner's (or others as required and as listed below) status as additional insured.

Not less than five (5) days prior to commencement of the Work and until final acceptance of the Work, Subcontractor shall provide Contractor with certificate(s) of insurance evidencing the required insurance coverage with the limits stated below or elsewhere in the Subcontract documents. The Subcontractor shall provide Contractor thirty (30) days written notice of a change or cancellation in coverage. In addition, all insurance policies shall state that the insurer will provide Contractor thirty (30) days prior written notice of a change or cancellation in coverage.

2.4 Unless otherwise stipulated in the Contract Agreement, the Subcontractor shall maintain no less than the limits specified for each of the following insurance coverages:

a) <u>Commercial General Liability</u> using an industry standard unmodified coverage form including contractual liability with minimum limits of $1,000,000 each occurrence, $2,000,000 aggregate with either per project or per location endorsement for property damage and bodily injury;

b} <u>Comprehensive Automobile Liability</u> insurance with minimum limits of $1,000,000 combined single limit each accident, including bodily injury and property damage liability;

c) <u>Workers' Compensation</u> and disability benefit insurance including Occupational Disease in the minimum amounts as required by the jurisdiction where the Work is performed.

2.5 The Subcontractor and his insurer shall waive all rights of subrogation against the Contractor, Owner and any other indemnified party, except as respects Worker's Compensation insurance.

2.6 If Subcontractor engages a Sub-Subcontractor, it is the affirmative duty of the Subcontractor to ensure that any Sub-Subcontractor complies with the insurance and indemnification requirements of this Contract Agreement.

24. Upon information and belief, the second third-party defendant, **EC,** breached its agreement with the third-party defendant/second third-party plaintiff and failed to provide and maintain said insurance naming **CMG** as an additional insured.

25. That on the basis of <u>Kinney v. G.W. Lisk Co. Inc.</u>, 76 N.Y.2d 215, third-party defendant/second third-party plaintiff is entitled to complete and full indemnification from third-party defendant, for any damages it sustains in the instant action.

**WHEREFORE**, the third-party defendant/second third-party plaintiff, **CMG IMPROVMENTS, INC.,** demands judgment over and against second third-party defendant, **EC INTERIORS REMODELING INC.,** for contribution, common law and contractual indemnification and breach of contract for failure to procure insurance,

together with the costs, expenses and attorneys' fees which will be brought or may be incurred in the defense of this said action by the plaintiff, **ANDREA LISSETH ARMIJOS ABAD**, and the defendants/third-party plaintiffs, **620 W 153 REALTY, LLC., and ON STAR MANAGEMENT LLC.**

Dated: Elmsford, New York
September 30, 2024

Yours, etc.,

_____
Amy S. Weissman, Esq
PILLINGER MILLER TARALLO, LLP
Attorneys for Third-Party Defendant/Second Third-Party Plaintiff
**CMG IMPROVEMENTS, INC.,**
555 Taxter Road, 5th Floor
Elmsford, New York 10523
(914) 829-9048
File No.: ASW-PROS-00265

TO: WOOD SMITH HENNING & BERMAN, LLP
Attorneys for Defendants/third-Party Plaintiffs
**620 W 153 REALTY LLC and ON STAR MANAGEMENT**
685 Third Avenue, 18th Floor
New York, New York 10038
(646) 965-0864
tabatemarco@wshblaw.com
acurley@wshblaw.com

William Schwitzer Associates
Attorneys for Plaintiff
**ANDREA LISSETH ARMIJOS ABAD**
820 2nd Ave, 10th Floor
New York, NY 10017
(212) 685-7800
Attn: BETH M. DIAMOND, Esq.
bdiamond@wsatlaw.com

LIBERTY MUTUAL
Attorneys for Third-Party Defendant
**BATCO ASSOCIATES LLC**
PO Box 6835
Scranton, PA 18505-6840
(212) 709-3167
brian.liferiedge@libertymutual.com

MOLOD SPITZ & DeSANTIS, P.C.
Attorneys for Third-Party Defendant
**GRD SAFETY INC.**
1430 Broadway, 21st Floor
New York, New York 10018
(212) 869-3200

**EC INTERIORS REMODELING INC.**
5841 Waldron Street
Corona, New York 11368

<u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK

COUNTY OF WESTCHESTER

 I, AMY S. WEISSMAN, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that: I am a member of the firm of PILLINGER MILLER TARALLO, LLP attorneys of record for the third-party defendant/second third-party plaintiff **CMG IMPROVEMENTS, INC.**

 I have read the annexed *Second Third-Party Summons and Complaint* and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

My review of the file.

 The reason I make this affirmation instead of defendant is that defendant resides in a county other than the one in which your affirmant maintains her office.

 I affirm that the foregoing statements are true under penalty of perjury.

Dated: Elmsford, New York
   September 30, 2024

               _____
                AMY S. WEISSMAN