# EXHIBIT F

BSL/was

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------X
ANDREA LISSETH ARMIJOS ABAD,

        Plaintiff,

   -against-

620 W 153 REALTY LLC and ON STAR
MANAGEMENT LLC,
        Defendants.
---------------------------------------------------------X
620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC,

        Third-Party Plaintiffs,

   -against-

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.
        Third-Party Defendants.
---------------------------------------------------------X
CMG IMPROVEMENTS, INC.

        Second Third-Party Plaintiff,

   against

EC INTERIORS REMODELING INC.,

        Second Third-Party Defendant
---------------------------------------------------------X
BATCO ASSOCIATES LLC.

        Third Third-Party Plaintiff,

   against

CMG IMPROVEMENTS, INC.,

        Third Third-Party Defendant.
---------------------------------------------------------X

**STATEMENT PURSUANT TO CPLR 3402(b)**

Index #: 520767/2022

PLEASE TAKE NOTICE that in the above-entitled action, the above-mentioned Third-Party Defendant has impleaded the above-named Third Third-Party Defendant, CMG IMPROVEMENTS, INC., the caption to this action is now set forth above and that a copy of this Statement has been served upon all parties who have appeared in this action.

Dated: New York, New York
January 3, 2025

Yours etc.,

GILBERT, MCGINNIS & LIFERIEDGE



By: _____
    Brian Liferiedge, Esq.
Attorneys for Third-Party Defendant /
Third Third-Party Plaintiff
BATCO ASSOCIATES LLC
Mailing Address:
PO Box 6835
Scranton, PA 18505-6840

Physical Address:
10 Bank Street, Suite 1200
White Plains, New York 10606-1947
Office: (212) 487-9701
Fax: (603) 430-1946

TO:    PILLINGER MILLER TARALLO LLP
       Attorneys for Third-Party Defendant
       CMG IMPROVEMENTS INC.
       555 Taxter Road, Suite 500
       Elmsford, NY 10523
       (914) 703-6300

cc:    WILLIAM SCHWITZER & ASSOCIATES, P.C.
       Attorneys for Plaintiff
       ANDREA LISSETH ARMIJOS ABAD
       820 Second Avenue, 10th Floor
       New York, NY 10017
       (212) 683-3800

MOLOD SPITZ & DeSANTIS, P.C.
Attorneys for Third-Party Defendant
GRD SAFETY INC.
1430 Broadway, 21st Floor
New York, NY 10018
(212) 869-3200

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys for Defendants
620 W 153 REALTY LLC and
ON STAR MANAGEMENT LLC
685 Third Avenue, 18th Floor
New York, NY 10017
(212) 999-7103

EC INTERIORS REMODELING INC.,
5841 Waldron Street
Corona, NY 11368

BSL/was

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------X
ANDREA LISSETH ARMIJOS ABAD,

                Plaintiff,

       -against-

620 W 153 REALTY LLC and ON STAR
MANAGEMENT LLC,

                Defendants.
----------------------------------------------------------X
620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC,

                Third-Party Plaintiffs,

       -against-

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.

                Third-Party Defendants.
----------------------------------------------------------X
CMG IMPROVEMENTS, INC.

                Second Third-Party Plaintiff,

        against

EC INTERIORS REMODELING INC.,
            Second Third-Party Defendant
----------------------------------------------------------X
BATCO ASSOCIATES LLC.

                Third Third-Party Plaintiff,

        against

CMG IMPROVEMENTS, INC.,

                Third Third-Party Defendant.
----------------------------------------------------------X

**THIRD THIRD-PARTY SUMMONS**

Index #: 520767/2022

TO THE ABOVE-NAMED THIRD THIRD-PARTY DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the Complaint of the Third Third-Party Plaintiff, a copy of which is hereby served upon you, and to serve copies of your answer upon the undersigned attorneys for the Third-Party Defendant/Third Third-Party Plaintiff and upon counsel for the Plaintiff within twenty (20) days after service of Summons and Third Third-Party Complaint, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer the Complaint of the Third Third-Party Plaintiff, judgment will be taken against you by default for the relief demanded in the Third Third-Party Complaint.

Dated: New York, New York
January 3, 2025

Yours etc.,

GILBERT, MCGINNIS & LIFERIEDGE



By: _____
Brian Liferiedge, Esq.
Attorneys for Third-Party Defendant /
Third Third-Party Plaintiff
BATCO ASSOCIATES LLC
Mailing Address:
PO Box 6835
Scranton, PA 18505-6840

Physical Address:
10 Bank Street, Suite 1200
White Plains, New York 10606-1947
Office: (212) 487-9701
Fax: (603) 430-1946

TO: PILLINGER MILLER TARALLO LLP
Attorneys for Third-Party Defendant
CMG IMPROVEMENTS INC.
555 Taxter Road, Suite 500
Elmsford, NY 10523
(914) 703-6300

cc: WILLIAM SCHWITZER & ASSOCIATES, P.C.
Attorneys for Plaintiff
ANDREA LISSETH ARMIJOS ABAD
820 Second Avenue, 10th Floor
New York, NY 10017
(212) 683-3800

MOLOD SPITZ & DeSANTIS, P.C.
Attorneys for Third-Party Defendant
GRD SAFETY INC.
1430 Broadway, 21st Floor
New York, NY 10018
(212) 869-3200

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys for Defendants
620 W 153 REALTY LLC and
ON STAR MANAGEMENT LLC
685 Third Avenue, 18th Floor
New York, NY 10017
(212) 999-7103

EC INTERIORS REMODELING INC.,
5841 Waldron Street
Corona, NY 11368

BSL/was

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------X
ANDREA LISSETH ARMIJOS ABAD,

        Plaintiff,                                 **THIRD THIRD-**
                                                             **PARTY COMPLAINT**

-against-

620 W 153 REALTY LLC and
ON STAR MANAGEMENT LLC,                   Index #: 520767/2022
        Defendants.
---------------------------------------------------------X
620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC,

        Third-Party Plaintiffs,

-against-

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.
        Third-Party Defendants.
---------------------------------------------------------X
CMG IMPROVEMENTS, INC.

        Second Third-Party Plaintiff,

    against

EC INTERIORS REMODELING INC.,

    Second Third-Party Defendant
---------------------------------------------------------X
BATCO ASSOCIATES LLC.

        Third Third-Party Plaintiff,

    against

CMG IMPROVEMENTS, INC.,

        Third Third-Party Defendant.
---------------------------------------------------------X

Third-Party Defendant/Third Third-Party Plaintiff, BATCO ASSOCIATES LLC, by its attorneys, GILBERT, MCGINNIS & LIFERIEDGE, as and for their Third Third-Party Complaint against the Third Third-Party Defendant, CMG IMPROVEMENTS, INC., alleges, upon information and belief as follows:

1. BATCO ASSOCIATES LLC is a domestic limited liability corporation authorized to do business in the State of New York.

2. CMG IMPROVEMENTS, INC., is a domestic corporation authorized to do business in the State of New York.

3. On July 21, 2022, Plaintiff commenced an action against 620 W 153 REALTY LLC and ON STAR MANAGEMENT LLC. Defendants filed their Answer on February 3, 2023. Copies of these pleadings are annexed hereto as Exhibit "A."

4. Defendants 620 W 153 REALTY LLC and ON STAR MANAGEMENT LLC filed a Third-Party Summons and Complaint against BATCO ASSOCIATES LLC., GRD SAFETY INC. and CMG IMPROVEMENTS, INC. on March 13, 2024. Third-Party Defendant GRD SAFETY INC. served its Answer on April 25, 2024. Third-Party Defendant BATCO ASSOCIATES LLC served its Answer on May 20, 2024. Copies of these pleadings are annexed hereto as Exhibit "B."

5. The Plaintiff's Complaint seeks to recover damages by reason of injuries allegedly sustained by the plaintiff when she fell off of a ladder on July 15, 2022, at 620 West 153rd Street, New York, New York.

6. That prior to July 15, 2022, and more particularly, on or about April 5, 2022, CMG entered into an agreement with third-party defendant/third third-party plaintiff, BATCO, to

provide certain work, labor and services for the project located at 620 West 153rd Street, in the County, City and State of New York.(Ex. C)

7. That at all times hereinafter mentioned, and more particularly, on July 15, 2022, plaintiff, ANDREA LISSETH ARMIJOS ABAD ("ABAD"), was an employee of second third-party defendant EC and engaged in the aforementioned CMG contract work.

8. That at all times hereinafter mentioned, and more particularly, on July 15, 2022, plaintiff, ABAD was under the supervision, direction, and control of second third third-party defendant CMG.

9. That plaintiff, ABAD commenced an action against defendants by service of a Summons a Verified Complaint. Copies of the Summons and Verified Complaint and defendants Answer is annexed hereto as Exhibit "A" and third-party defendant/third third-party plaintiff begs leave to refer to same as if fully set forth herein, but without admitting any of the allegations contained therein.

10. That plaintiff, ABAD, alleges that on or about July 15, 2022, she was caused to sustain injury as a result of the negligence and violation of New York State Labor Law §§ 200, 240(1), and 241 of the defendants/third-party plaintiffs.

11. That if the plaintiff, ABAD, and/or defendants/third-party plaintiffs were caused to sustain injury and damages at the time and place and in a manner set forth in the Verified Complaint and third-party complaint, such injury and damages were brought about the primary and sole negligence and violation of New York State Labor Law §§ 200, 240, and 241 of the third third-party defendant, CMG, and without any negligence whatsoever on the part of the third-party defendant/third third-party plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD THIRD-PARTY DEFENDANT, CMG

12. The third-party defendant/third third-party plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs 1 through 11 as if restated herein at length.

13. That if by reason of the foregoing, the plaintiff and/or defendants/third-party plaintiffs recover judgment against the third-party defendant/third third-party plaintiff, BATCO, said third-party defendant/third third-party plaintiff is entitled to contribution and judgment over and against the second third-party defendant, CMG for the full amount of said judgment together with costs, disbursements and counsel fees or for any part thereof obtained and/or recovered on the basis of apportionment and responsibility to the alleged occurrence is found by the court and/or jury.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD THIRD-PARTY DEFENDANT, CMG

14. The third-party defendant/third third-party plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs 1 through 13 as if restated herein at length.

15. If the plaintiff and/or defendants/third third-party plaintiffs sustained damages as alleged in the complaint/third-party complaint through any fault other than the plaintiff's and/or defendants/third-party plaintiffs' own fault, then such damages were sustained due to the sole fault of the third third-party defendant above named, and if the plaintiff and/or defendants/third-party plaintiffs should obtain and/or recover judgment against third-party defendant/third third-party plaintiff, said third-party defendant/third third-party plaintiff is entitled to common law

indemnification and judgment over and against third third-party defendant, CMG, for the full amount of any such judgment together with cost, disbursements and counsel fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THIRD THIRD-PARTY DEFENDANT, CMG

16. The third-party defendant/third third-party plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs 1 through 15 as if restated herein at length.

17. That the agreement entered into between BATCO and CMG obligated the third third-party defendant to indemnify and hold harmless the third-party defendant/third third-party plaintiff, BATCO. (Ex. C)

18. That the said agreement provided, inter alia, as follows:

1. Indemnity. In consideration of the Contract Agreement, and to the fullest extent permitted by law, the Subcontractor shall defend and shall indemnify, and hold harmless, at Subcontractor's sole expense, the Contractor, all entities the Contractor is required indemnify and hold harmless, the Owner of the property, and the officers, directors, agents, employees, successors and assigns of each of them from and against all liability or claimed liability for bodily injury or death to any person{s), and for any and all property damage or economic damage, including all attorney fees, disbursements and related costs, arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through the Subcontractor or by anyone for whose acts the Subcontractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties. This indemnity agreement shall survive the completion of the Work specified in the Contract Agreement.

19. That the damages allegedly sustained by the plaintiff and/or defendants/third-party plaintiffs arose out of the performance of the work of third third-party defendant, CMG, its sub-subcontractors, anyone employed by them or anyone for whose acts it may be liable.

20. That by reason of the foregoing, if plaintiff and/or defendants/third-party plaintiffs recover judgment against third-party defendant/third third-party plaintiff, said third-party defendant/third third-party plaintiff is entitled to contractual indemnification and judgment

over and against third third-party defendant, CMG, for the full amount of any such judgment together with interest, costs, disbursements, and counsel fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THIRD THIRD-PARTY DEFENDANT, CMG

21. The third-party defendant/third third-party plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs 1 through 20 as if restated herein at length.

22. Third third-party defendant, CMG, agreed to provide and maintain at its own expense general liability insurance, naming third-party defendant/third third-party plaintiff, BATCO, as additional insured in connection with its work.

The said subcontract agreement provided inter alia as follows:

2. Insurance. The Subcontractor shall procure and shall maintain until final acceptance of the Work, such insurance as will protect the Contractor, all entities the Contractor is required indemnify and hold harmless, the Owner, and their officers, directors, agents and employees, for claims arising out of or resulting from Subcontractor's Work under this Contract Agreement, whether performed by the Subcontractor, or by anyone directly or indirectly employed by Subcontractor, or by anyone for whose acts Subcontractor may be liable. Such insurance shall be provided by an insurance carrier rated "A-VII" or better by A.M. Best and lawfully authorized to do business in the jurisdiction where the Work is being performed.

2.1. The Subcontractor's insurance shall include contractual liability coverage and additional insured coverage for the benefit of the Contractor, Owner, and anyone else the Owner is required to name (as set forth in the schedule below) and shall specifically include coverage for completed operations. The insurance required to be carried by the Subcontractor and any Sub-Sub-Contractors shall be PRIMARY AND NON-CONTRIBUTORY. With respect to each type

of insurance specified hereunder, the Contractor's and Owner's insurances shall be excess to Subcontractor's insurance.

2.2. The Subcontractor warrants that the coverage provided under the commercial general liability policy shall be written on an "occurrence" basis with coverage as broad as the Insurance Service Office Inc.'s form and that no policy provisions shall restrict, reduce, limit, or otherwise impair contractual liability coverage or the Contractor's, Owner's (or others as required and as listed below) status as additional insured.

2.3. Not less than five (5) days prior to commencement of the Work and until final acceptance of the Work, Subcontractor shall provide Contractor with certificate(s) of insurance evidencing the required insurance coverage with the limits stated below or elsewhere in the Subcontract documents. The Subcontractor shall provide Contractor thirty (30) days written notice of a change or cancellation in coverage. In addition, all insurance policies shall state that the insurer will provide Contractor thirty (30) days prior written notice of a change or cancellation in coverage.

2.4. Unless otherwise stipulated in the Contract Agreement, the Subcontractor shall maintain no less than the limits specified for each of the following insurance coverages:

a) Commercial General Liability using an industry standard unmodified coverage form including contractual liability with minimum limits of $1,000,000 each occurrence, $2,000,000 aggregate with either per project or per location endorsement for property damage and bodily injury;
b) Comprehensive Automobile Liability insurance with minimum limits of $1,000,000 combined single limit each accident, including bodily injury and property damage liability;
c) Workers' Compensation and disability benefit insurance including Occupational Disease in the minimum amounts as required by the jurisdiction where the Work is performed.

2.5. The Subcontractor and his insurer shall waive all rights of subrogation against the Contractor, Owner, and any other indemnified party, except as respects Worker's Compensation insurance.

2.6 If Subcontractor engages a Sub-Subcontractor, it is the affirmative duty of the Subcontractor to ensure that any Sub-Subcontractor complies with the insurance and indemnification requirements of this Contract Agreement.

23. Upon information and belief, the third third-party defendant, CMG, breached its agreement with the third-party defendant/third third-party plaintiff and failed to provide and maintain said insurance naming BATCO as an additional insured.

24. That on the basis of Kinney v. G.W. Lisk Co. Inc., 76 N.Y.2d 215, third-party defendant/third third-party plaintiff is entitled to complete and full indemnification from third third-party defendant, for any damages it sustains in the instant action.

WHEREFORE, the third-party defendant/third third-party plaintiff, BATCO ASSOCIATES LLC., demands judgment over and against third third-party defendant, CMG IMPROVEMENTS, INC., for contribution, common law and contractual indemnification and breach of contract for failure to procure insurance, together with the costs, expenses and attorneys' fees which will be brought or may be incurred in the defense of this said action by the plaintiff, ANDREA LISSETH ARMIJOS ABAD, and the defendants/third-party plaintiffs, 620 W 153 REALTY, LLC., and ON STAR MANAGEMENT LLC.

Dated: New York, New York
January 3, 2025

Yours etc.,

GILBERT, MCGINNIS & LIFERIEDGE



By: _____
Brian Liferiedge, Esq.
Attorneys for Third-Party Defendant /

                                                   Third Third-Party Plaintiff
                                                   BATCO ASSOCIATES LLC
                                                   Mailing Address:
                                                   PO Box 6835
                                                   Scranton, PA 18505-6840

                                                   Physical Address:
                                                   10 Bank Street, Suite 1200
                                                   White Plains, New York 10606-1947
                                                   Office: (212) 487-9701
                                                   Fax: (603) 430-1946

TO:    PILLINGER MILLER TARALLO LLP
        Attorneys for Third-Party Defendant
        CMG IMPROVEMENTS INC.
        555 Taxter Road, Suite 500
        Elmsford, NY 10523
        (914) 703-6300

cc:    WILLIAM SCHWITZER & ASSOCIATES, P.C.
        Attorneys for Plaintiff
        ANDREA LISSETH ARMIJOS ABAD
        820 Second Avenue, 10th Floor
        New York, NY 10017
        (212) 683-3800

        MOLOD SPITZ & DeSANTIS, P.C.
        Attorneys for Third-Party Defendant
        GRD SAFETY INC.
        1430 Broadway, 21st Floor
        New York, NY 10018
        (212) 869-3200

        WOOD, SMITH, HENNING & BERMAN LLP
        Attorneys for Defendants
        620 W 153 REALTY LLC and
        ON STAR MANAGEMENT LLC
        685 Third Avenue, 18th Floor
        New York, NY 10017
        (212) 999-7103

        EC INTERIORS REMODELING INC.,
        5841 Waldron Street
        Corona, NY 11368

Index No. 520767/2022
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------X
ANDREA LISSETH ARMIJOS ABAD,

        Plaintiff,

    -against-

620 W 153 REALTY LLC and ON STAR
MANAGEMENT LLC,

        Defendants.
------------------------------------------------------X
620 W 153 REALTY LLC., and ON STAR
MANAGEMENT LLC,

        Third-Party Plaintiffs,

    -against-

BATCO ASSOCIATES LLC., GRD SAFETY INC.,
and CMG IMPROVEMENTS, INC.

        Third-Party Defendants.
------------------------------------------------------X
CMG IMPROVEMENTS, INC.

        Second Third-Party Plaintiff,

        against

EC INTERIORS REMODELING INC.,

        Second Third-Party Defendant
------------------------------------------------------X
BATCO ASSOCIATES LLC.

        Third Third-Party Plaintiff,
against

CMG IMPROVEMENTS, INC.

        Third Third-Party Defendant.
------------------------------------------------------X

**STATEMENT PURSUANT TO CPLR 3402(b), THIRD THIRD-PARTY SUMMONS,
THIRD THIRD-PARTY COMPLAINT**

        **GILBERT, MCGINNIS & LIFERIEDGE**
        **Attorney for Third-Party Defendant(s)/**
        **Third Third-Party Plaintiff**
        **BATCO ASSOCIATES LLC**
        **Mailing Address:**
        **PO Box 6835**
        **Scranton, PA 18505-6840**
        **Physical Address:**
        **10 Bank Street, Suite 1200**
        **White Plains, NY 10606-1947**
        **(212) 487-9701**