# EXHIBIT L

# Jaffe & Asher llp
### Attorneys At Law

600 Third Avenue
New York, NY 10016-1901
212-687-3000
Toll Free 888-625-9895

Established 1974
www.JaffeandAsher.com

Please respond to White Plains office

445 Hamilton Avenue, Suite 405
White Plains, NY 10601
Tel 212-687-3000
Fax 914-437-8076

August 8, 2024

**VIA EMAIL**

Southwest Marine and General Insurance Company
Co/Action Specialty Insurance Group
412 Mt. Kemble Avenue., #300C
Morristown, N.J. 07960

Attn:  Ms. Pat Longo
       Claims Examiner

Re:  *Andrea Lisseth Armijos Abad v. 620 W 153 Realty LLC and On Star Management LLC*, **Supreme Court of the State of New York, County of Kings, Index No. 520767/2022**

| | |
|---|---|
| Date of Loss | July 15, 2022 |
| Your Named Insured | CMG Improvements, Inc. |
| Your Claim No. | EWR00264406 |
| Your Policy | GL2021RLH00338 |
| Our Named Insured | Batco Associates, LLC |
| Our Claim No. | 24102006001 |

Dear Ms. Longo:

      Our firm represents Ohio Security Insurance Company ("Ohio Security") and The Ohio Casualty Insurance Company ("Ohio Casualty") in connection with the referenced matter. Ohio Security issued a Commercial General Liability policy to Batco Associates, LLC ("Batco") and Ohio Casualty issued a Commercial Umbrella policy to Batco. On behalf of Ohio Security and Ohio Casualty, we hereby re-tender the defense and indemnity of Batco, 620 W 153 Realty LLC ("620"), and On Star Management LLC ("On Star") to Southwest Marine and General Insurance Company ("Southwest Marine"), for the Underlying Action, under any liability policy for the relevant period issued by Southwest Marine or its affiliates to CMG Improvements, Inc. ("CMG") as Named Insured. This demand is based upon the status of Batco, 620, and On Star as additional insureds under Southwest Marine's policy.

      By letter dated June 7, 2023, Ohio Security and Ohio Casualty previously tendered the defense and indemnity of Batco, 620 and On Star to Southwest Marine under any liability policy Southwest Marine issued to CMG. By email dated June 14, 2023, Nicholas Steinke of Co-Action Specialty Insurance Group ("Co-Action") acknowledged Ohio Security's and Ohio Casualty's tender, advising that he will be investigating the matter further, and stating that "[a]t this time I am not in a position to accept your tender, as I am not in receipt of any known contracts of all the involved parties. Once I have obtained a copy of all applicable

California      Florida      Georgia      New Jersey      Texas

**SMG00535**

Ms. Pat Longo
August 8, 2024
Page 2

contracts for review, I can further advise on our tender determination."

Ohio Security and Ohio Casualty followed up on their tender by email, including emails dated June 16, 2023, and August 9, 2023, but to date, have not received any further response from Southwest Marine/Co-Action. However, by letter dated August 11, 2023, Southwest Marine/Co-Action appears to have acknowledged its duty to defend and indemnify Batco and 620 by tendering the defense and indemnity of CMG, Batco, and 620 to EC Interiors Remodeling, Inc. ("EC Interiors"), CMG's subcontractor on the job.

## CLAIM FACTS

On or about July 21, 2022, Andrea Lisseth Armijos Abad ("Abad") commenced an action entitled, Andrea Lisseth Armijos Abad v. 620 W 153 Realty LLC and On Star Management LLC, Index No. 520767/2022, in the Supreme Court of the State of New York, County of Kings (the "Underlying Action"). Abad alleges that 620 and On Star, respectively, owned, operated, maintained, managed, controlled, supervised, leased, was a subleasor, was a subleasee, was an assignor of a lease, was an assignee of a lease, general contractor, project manager, contractor, and supervised and controlled the work at the premises known as 620 West 153rd Street, New York, New York (the "Premises"). Abad alleges that prior to July 15, 2022, 620 and On Star, respectively, entered into a contract to provide and perform certain work, labor and services at the Premises. Abad alleges that 620 and On Star, respectively, hired various entities to perform work at the Premises. Abad alleges that on or about July 15, 2022, she was lawfully working at the Premises and was caused to fall from a height/ladder while performing labor law protected work. Abad alleges that her accident and injuries were due to defendants' negligence in the ownership, management, maintenance, control, operation, performance and supervision of the Premises and/or the work being performed at the Premise. Abad alleges that defendants were negligent, including, in allowing the Premises to become and remain in a defective, unsafe, and dangerous condition, failing to provide proper protection against the hazards of falling, and failing to provide Abad with a safe place to work. Abad alleges that defendants violated New York Labor Law §§ 200, 240(1) and 241(6), and sections of the Industrial Code of the State of New York. The Underlying Action alleges two causes of action. The First Cause of Action sounds in negligence. The Second Cause of Action sounds in negligence and violation of the NYS Labor Law.

On or about March 15, 2024, 620 and On Star impleaded Batco, GRD Safety Inc. ("GRD") and CMG into the Underlying Action. The third party action alleges that Abad commenced the Underlying Action against them, alleging damages arising out of an alleged accident at the Premises. The third-party action alleges that on July 15, 2022, Batco was hired, pursuant to a written contract, to perform structural framing interior, insulation, drywall and trimmings at the Premises, and agreed to indemnify 620 and On Star in connection with the performance of its work. The third-party action alleges that Abad was employed by CMG. The third-party action alleges that because of Batco's, GRD's, and CMG's negligence, 620 and On Star were exposed to damage by reason of possible verdict or judgment. The third-party action alleges causes of action against Batco, GRD, and CMG, respectively, for common law indemnification, contribution, contractual indemnity, and breach of contract for failure to procure liability insurance.

SMG00536

Ms. Pat Longo
August 8, 2024
Page 3

## CONTRACTS

### 1. The CMG Contract

On or about April 5, 2022, Batco, as Contractor and CMG, as Subcontractor, entered into a written contract entitled Subcontract Agreement Rider (Contractor/Subcontractor) (the "CMG Contract"). The CMG Contract lists the project location as the Premises.

Regarding insurance requirements, paragraph 2 of the CMG Contract provides, in pertinent part, as follows:

> **2. Insurance**. The **Subcontractor shall procure and shall maintain** until final acceptance of the Work, **such insurance as will protect the Contractor, all entities the Contractor is required [sic] indemnify** and hold harmless, **the Owner**, and their officers, directors, agents and employees, all entities the Owner is required to indemnify and hold harmless for claims arising out of or resulting from Subcontractor's Work under this Contract Agreement, whether performed by the Subcontractor, or by anyone directly or indirectly employed by Subcontractor, or by anyone for whose acts Subcontractor may be liable…
>
> **2.1** The Subcontractor's insurance shall include contractual liability coverage and **additional insured coverage for the benefit of the Contractor, Owner and anyone else the contractor/owner is required to name (as set forth in the schedule below),** and shall specifically include additional insured coverage for completed operations. The insurance required to be carried by the Subcontractor and any Sub-Sub-Contractors shall be **PRIMARY AND NON-CONTRIBUTORY**. With respect to each type of insurance specified hereunder, the Contractor's and the Owner's insurances shall be excess to Subcontractor's insurance.
>
> \* \* \*
>
> **2.4**. Unless otherwise stipulated in the Contract Agreement, the Subcontractor shall maintain no less than the limits specified for each of the following insurance coverages:
>
> **a)** Commercial General Liability using an industry standard unmodified "occurrence" coverage form including contractual liability with minimum limits of $1,000,000 each occurrence, $2,000,000 aggregate with either per project or per location endorsement for property damage and bodily injury;
>
> \* \* \*
>
> **2.6** In the event Subcontractor has in force any insurance coverage with coverages broader and or limits higher than those coverage amounts and terms specified herein, such broader terms and higher limits shall insure and be available to each Additional Insured, and this Agreement shall be

**SMG00537**

Ms. Pat Longo
August 8, 2024
Page 4

>deemed to required [sic] such broader terms and higher limits.
>
>* * *
>
>**List of Indemnified Parties and Additional Insureds**:
>
>General Contractor/CM:
>
>**Batco Associates LLC**
>1377 40th Street
>Brooklyn, NY 11218
>
>(Emphasis supplied.)

### 2.   The Batco Contract

On or about April 14, 2022, On Star, as Contractor and Batco, as Subcontractor, entered into a written contract entitled Subcontract Agreement Rider (Contractor/Subcontractor) (the "Batco Contract"). The Batco Contract lists the project location as the Premises.

Regarding indemnity, paragraph 1 of the Batco Contract provides, in pertinent part, as follows:

>**1. Indemnity**.  In consideration of the Contract Agreement, and to the fullest extent permitted by law, the **Subcontractor shall defend and shall indemnify**, and hold harmless, at Subcontractor's sole expense, **the Contractor, all entities the Contractor is required to indemnify** and hold harmless, **the Owner of the property**, and the officers, directors, agents, employees, successors and assigns of each of them from and against all liability or claimed liability for bodily injury or death to any person(s), and for any and all property damage or economic damage, including all attorney fees, disbursements and related costs, arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through the Subcontractor or by anyone for whose acts the Subcontractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties.  This indemnity shall survive the completion of the Work specified in the Contract Agreement.

Regarding the insurance requirements, paragraph 2 of the Batco Contract provides, in pertinent part, as follows:

>**2. Insurance**.  The **Subcontractor shall procure and shall maintain** until final acceptance of the Work, **such insurance as will protect the Contractor, all entities the Contractor is required [sic] indemnify** and hold harmless, **the Owner**, and their officers, directors, agents and employees, all entities the Owner is

Ms. Pat Longo
August 8, 2024
Page 5

required to indemnify and hold harmless for claims arising out of or resulting from Subcontractor's Work under this Contract Agreement, whether performed by the Subcontractor, or by anyone directly or indirectly employed by Subcontractor, or by anyone for whose acts Subcontractor may be liable…

**2.1** The Subcontractor's insurance shall include contractual liability coverage and **additional insured coverage for the benefit of the Contractor, Owner and anyone else the contractor/owner is required to name (as set forth in the schedule below),** and shall specifically include additional insured coverage for completed operations. The insurance required to be carried by the Subcontractor and any Sub-Sub-Contractors shall be PRIMARY AND NON-CONTRIBUTORY. With respect to each type of insurance specified hereunder, the Contractor's and the Owner's insurances shall be excess to Subcontractor's insurance.

\* \* \*

**2.4.** Unless otherwise stipulated in the Contract Agreement, the Subcontractor shall maintain no less than the limits specified for each of the following insurance coverages:

\* \* \*

c) With respect to all other subcontractors & vendors: Commercial General Liability & Umbrella Liability Coverage using an industry standard unmodified coverage form including contractual liability with combined minimum limits of $2,000,000 each occurrence & $2,000,000 aggregate. The Commercial General Liability Coverage must provide a per project or per location endorsement for property damage and bodily injury;

\* \* \*

**2.5** In the event Subcontractor has in force any insurance coverage with coverages broader and or limits higher than those coverage amounts and terms specified herein, such broader terms and higher limits shall insure and be available to each Additional Insured, and this Agreement shall be deemed to required [sic] such broader terms and higher limits.

\* \* \*

**List of Indemnified Parties and Additional Insureds:**

- 620 W 153 Realty LLC

SMG00539

\* \* \*

- On Star Management LLC

(Emphasis supplied.)

## POLICIES

### 1. The Ohio Security Policy

Ohio Security issued Commercial General Liability policy No. BKS (23) 63 35 91 32, with policy period 6/8/22-6/8/23, to Batco as Named Insured (the "Ohio Security Policy"). The Ohio Security Policy has an each occurrence limit of $1 million and a general aggregate limit of $2 million.

The Ohio Security policy contains an applicable excess "Other Insurance" provision for Named Insureds, such as Batco, that providesas follows:

> **b. Excess Insurance**
>
> **(1)** This insurance is excess over:
>
> \* \* \*
>
> **(b)** any other primary insurance available to you [Stateway] covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

The Ohio Security Policy contains an an applicable excess "Other Insurance" for additional insureds that provides, as follows:

> Regardless of the written agreement between you [Batco] and an additional insured, this insurance is excess over any other insurance whether primary, excess, contingent or on any other basis for which the additional insured has been added as an additional insured on other policies.

### 2. The Ohio Casualty Policy

The Ohio Casualty Policy is a true excess policy and applies excess of the "retained limit", which includes Southwest Marine's policy and the Ohio Security Policy.

## DEMAND FOR COVERAGE

Southwest Marine needs to assume its responsibility to defend Batco, 620, and On Star now. It cannot wait for EC Interiors' insurer to respond to Southwest's own tender. Indeed,

Ms. Pat Longo
August 8, 2024
Page 7

Southwest Marine's silence and attempt to obtain coverage for Batco, 620, and On Star compels the conclusion that Southwest Marine owes them coverage. Moreover, given the excess "Other Insurance" provisions in Ohio Security's policy, it is clear that Southwest Marine's policy would apply primary for Batco, 620, and On Star.

Accordingly, on behalf of Ohio Security and Ohio Casualty, we demand that Southwest Marine/On-Action asknowlege its duty to defend Batco, 620, and On Star within 14 days of the date hereof. If we do not receive a satisfactory response, we are authorized to take the steps necessary to protect Ohio Security's and Ohio Casualty's rights in this matter. Please consider this letter a last attempt to avoid coverage litigation.

Very truly yours,

JAFFE & ASHER, LLP

By: /s/ Florence Langer
Florence Langer, Esq.

FL/fl

**SMG00541**