UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ohio Security Insurance
Company,

        Plaintiff,

   -v-

Southwest Marine and General
Insurance Company,

        Defendant.

---

24-cv-8267 (JSR)

OPINION

JED S. RAKOFF, U.S.D.J.:

Plaintiff Ohio Security Insurance Company ("Ohio") alleges that defendant Southwest Marine and General Insurance Company ("Southwest") is obligated to defend and indemnify parties in an underlying action in the New York State Supreme Court and to reimburse Ohio for the expenses Ohio has already incurred in defending that action. ECF No. 1 ¶¶ 2-3. Southwest has moved for partial summary judgment and Ohio has moved for summary judgment. See ECF Nos. 13, 20-22. On August 15, 2025, the Court issued a "bottom-line" order granting in part and denying in part both motions. See ECF No. 34.

This Opinion sets forth the reasons for the Court's August 15 Order.

I.   Factual and Procedural Background

According to the allegations in the underlying proceeding, 620 W 153 Realty LLC ("620") is the owner of a property in

1

Manhattan. ECF No. 1, ¶ 8; ECF No. 21, ¶ 10. 620 retained On Star Management LLC ("On Star") to perform renovations at the Manhattan property. ECF No. 1, ¶ 9; ECF No. 18 at 3. On Star then retained Batco Associates, LLC ("Batco"), which in turn retained CMG Improvements, Inc. ("CMG"), which hired EC Interiors Remodeling, Inc. ("EC Interiors"). ECF No. 1, ¶¶ 15-21; ECF No. 18 at 4-5. EC Interiors ultimately employed Andrea Lisseth Armijos Abad to perform the renovations. ECF No. 1, ¶ 18; ECF No. 18 at 15. In connection with the renovations, Batco obtained insurance coverage from Ohio and CMG obtained insurance coverage from Southwest.

In 2022, Abad filed suit against the owner of the property (620) and the company directing the property's renovations (On Star). See Andrea Lisseth Armijos Abad v. 620 W 153 Realty LLC, et al., Index No. 520767/2022 (Sup. Ct. Kings Cnty. 2022). Abad alleged that he suffered injuries when he fell off a ladder while working at the Manhattan property. ECF No. 1 at ¶¶ 11-13; ECF No. 18 at 2.

In 2024, 620 and On Star filed a third-party complaint, impleading Batco and CMG. ECF No. 1 at ¶ 14; ECF No. 18 at 4. The third-party complaint alleged that 620 and On Star had hired Batco and CMG to perform renovations at the property and that Batco and CMG had employed Abad. ECF No. 1 at ¶¶ 15-19; ECF No. 18 at 4. The third-party complaint asserted claims for negligence, contribution, contractual indemnity, and breach of contract for

2

failing to procure liability insurance. ECF No. 1 at ¶ 20; ECF No. 18 at 4.

Soon after, CMG filed a second third-party complaint impleading EC Interiors. ECF No. 2 at 4; ECF No. 18 at 4. The second third-party complaint alleged that EC Interior had hired Abad and that any injuries he sustained at the property were caused by EC Interior's negligence. ECF No. 2 at 4; ECF No. 18 at 4. Like the first third-party complaint, the second third-party complaint raised claims for negligence, contribution, contractual indemnity, and breach of contract for failing to procure liability insurance. ECF No. 2 at 4; ECF No. 18 at 4.

Finally, Batco filed a third third-party complaint against CMG. The third third-party complaint alleged that Batco had entered into an agreement with CMG to perform renovations at the property and that Abad had been under CMG's direct supervision when he was injured. Like the first and second third-party complaints, the third third-party complaint raised claims for negligence, contribution, contractual indemnity, and breach of contract for failing to procure liability insurance.

To date, the underlying action remains pending. But in October 2024, Ohio, Batco's insurer, filed suit against Southwest, CMG's insurer, in this Court pursuant to the Court's diversity jurisdiction. Ohio's complaint asserted two claims for relief. First, Ohio asked the Court for a declaratory judgment that

3

Southwest is required to defend and indemnify 620, On Star, and Batco in the underlying action and that the Southwest Policy is primary to the Ohio Policy. Second, Ohio asked the Court for a monetary judgment for the amount it has incurred defending the underlying action, plus interest.

Both parties timely moved for summary judgment. Ohio moved for summary judgment in its favor on both of its claims, seeking (i) a declaratory judgment that Southwest is required to defend and indemnify 620, On Star, and Batco in the underlying action, (ii) a declaratory judgment that the Southwest Policy is primary to the Ohio Policy, and (iii) a money judgment in sum of $6,585.49 plus 9% interest. Southwest has moved for partial summary judgment, seeking a declaratory judgment that it does not owe a duty to defend and indemnify 620 and On Star because Ohio lacks standing to bring a claim on behalf of On Star and 620. Additionally, Southwest contended that On Star is not an "additional insured" under the Southwest Policy. Following full briefing, the Court held oral argument on the motions on July 2, 2025.

## II.  Legal Standard

The Court must grant summary judgment if the moving party demonstrates that there is "no genuine dispute of any material fact," such that they are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). "A material fact is one that would affect the outcome of the suit under governing law, and a dispute

4

of material fact occurs if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party."[1] <u>Aetna Life Ins. Co. v. Big Y Foods, Inc.</u>, 52 F.4th 66, 72 (2d Cir. 2022). To successfully oppose summary judgment, the nonmovant must "present competent evidence that creates a genuine issue of material fact" and not "merely deny the moving party's allegations in a general way." <u>McKinney v. City of Middletown</u>, 49 F.4th 730, 738 (2d Cir. 2022). In reviewing the factual record, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party." <u>Frost v. N.Y.C. Police Dep't</u>, 980 F.3d 231, 242 (2d Cir. 2020).

III. <u>Analysis</u>

This case raises three questions. First, the parties dispute whether Ohio has standing to raise a claim for declaratory relief as to On Star and 620. Second, the parties dispute whether Southwest has a duty to defend On Star in the underlying action. Third, the parties dispute whether Southwest has a duty to indemnify 620, Batco, and On Star in the underlying action.

A.    <u>Ohio has standing to bring a claim for declaratory relief as to On Star and 620.</u>

At the outset, Southwest argues that Ohio lacks standing to bring a claim for declaratory relief as to On Star and 620 because

---

[1] Unless otherwise indicated, all case quotations omit internal alterations, brackets, citations, ellipses, quotations, and quotation marks.

Ohio is not On Star's insurer and has not incurred any costs defending On Star and 620 in the underlying action. ECF No. 23 at 7. Ohio counters that it has received a tender from On Star and 620 for defense and indemnification in the underlying action, so that it now has a claim against it for additional coverage, which is sufficient to confer standing. ECF No. 26 at 12-17.

The Court is convinced that Ohio has standing to pursue its claims. "[T]he injury-in-fact requirement under the Supreme Court's standing doctrine does not require injury that has already occurred, but rather a 'concrete and particularized injury' that is 'actual or imminent, not conjectural or hypothetical.'" Beazley Ins. Co. v. Ace Amer. Ins. Co., 150 F. Supp. 3d 345, 356 (S.D.N.Y. 2015)(quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). In Beazley, the Court concluded that the plaintiff had standing to sue on behalf of another insurance company for a declaratory judgment because the insurance company owed the plaintiff's insured a duty to defend and indemnify. Id. at 355. The Court's decision rested on the "imminent" harm that plaintiff and its insured faced. Id.

Similarly, Eilerson Development Corp. v. Selective Insurance Group, 542 F. Supp. 3d. 177 (N.D.N.Y. 2021) also supports Ohio's position. In that case, Amerisure Mutual Insurance Company ("Amerisure") filed suit against Selective Insurance Group ("Selective"), seeking a declaratory judgment that various third

6

parties were additional insureds under an insurance policy issued by Selective. Id. at 183. Like Southwest in this case, Selective argued that Amerisure lacked standing because it had not yet incurred any costs defending those parties. Id. The Northern District of New York rejected that argument, reasoning that the parties had received tenders from the third parties seeking defense and indemnification, that Amerisure and Selective disputed their defense and indemnification obligations, and that all of the parties were engaged in an ongoing underlying lawsuit. Id. at 184-85. Under those circumstances, which bear a striking resemblance to those in this case, Amerisure had standing to seek a declaratory judgment against Selective concerning the three parties.

Because Ohio faces an imminent harm based on 620 and On Star's claims against it for additional coverage, Ohio has standing to seek a declaratory judgment regarding Southwest's obligations to 620 and On Star.

B.   Ohio is entitled to a declaratory judgment that Southwest has a duty to defend 620 and Batco, and Southwest is entitled to a declaratory judgment that it does not have a duty to defend On Star.

Southwest concedes that it must defend Batco. And Southwest's only argument with respect to 620 is that Ohio does not have standing to bring a claim on behalf of 620. Because the Court has rejected the standing claim, Ohio is therefore entitled to a

declaratory judgment that Southwest has a duty to defend 620 and Batco. But Southwest does not have a duty to defend On Star.

To be sure, under New York law the duty to defend is "exceedingly broad." Automobile Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 137 (2006). "A duty to defend is triggered by the allegations contained in the underlying complaint." BP Air Conditioning Corp. v. One Beacon Ins. Grp., 8 N.Y.3d 708, 714 (2007). In determining whether a party has a duty to defend, courts therefore "compare the allegations [in] the complaint to the insurance policy's terms." Atl. Cas. Ins. Co. v. Value Waterproofing, Inc., 918 F. Supp. 2d 243, 252 (S.D.N.Y), aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co., 548 Fed. App'x 716 (2d Cir. 2013). "Generally, where allegations in a complaint fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be, there is a duty to defend." Atl. Cas. Ins. Co., 918 F. Supp. 2d at 252 (citing Century 21, Inc. v. Diamond State Ins. Co., 442 F.3d 79, 82 (2d Cir. 2006)). Moreover, "[e]ven if the underlying complaint does not allege a covered occurrence as defined by the policy, an insurer must defend if it has actual knowledge of facts establishing a reasonable possibility of coverage." Jovani Fashion, Ltd. v. Fed. Ins. Co., 416 F. Supp. 3d 334, 344 (S.D.N.Y. 2019) (quoting Fitzpatrick v. Am. Honda Motor Co., 78 N.Y.2d 61, 67 (1991)). To that end, courts may consider evidence that is

extrinsic to the complaint, including deposition testimony. See
Charter Oak Fire Ins. Co. v. Zurich Am. Ins. Co., 462 F. Supp. 3d
317, 324 (S.D.N.Y. 2020) (citing Auriemma v. Biltmore Theater,
LLC, 917 N.Y.S. 2d 130, 139 (1st Dep't 2011)). Ultimately, "if
there is either a possible factual or legal basis on which the
insurer might eventually be obligated to indemnify, the insurer
has a duty to defend." Id. at 323.

The Southwest Policy issued to CMG contains the following
additional insured provision:

> Any person or organization whom you are required to
> include as an additional insured on this policy under a
> written contract or written agreement, but the written
> contract or agreement must be:
>
> > 1. Currently in effect or becoming effective during
> > the term of this policy; and
> >
> > 2. Executed prior to the "occurrence."

ECF No. 22 ¶ 3. The parties dispute whether, pursuant to the
contract, On Star was an "organization" that CMG was "required to
include as an additional insured" under the Southwest Policy.

Ohio argues that On Star was such an organization because the
CMG Contract required CMG to obtain insurance coverage for all the
entities that Batco had an obligation to defend and indemnify. The
CMG Contract's indemnity and insured provisions appear to require
CMG to obtain such insurance for all such entities on Batco's

behalf. See ECF No. 21-3 ¶¶ 1-2 ("[T]he Subcontractor shall defend and shall indemnify . . . all entities the Contractor is required to indemnify and hold harmless," and "[t]he Subcontractor shall procure and shall maintain . . . such insurance as will protect the Contractor, all entities the contractor is required [to] indemnify and hold harmless."). Under the Batco Contract, Batco was required to defend 620 and On Star. See ECF No. 14-1 at 5. Pursuant to the indemnity and insurance provisions of the CMG Contract, then, CMG was required to defend On Star.

However, CMG Contract's additional insured provision takes a more limited view of the entities that CMG was required to insure. The provision states that the "Subcontractor's insurance shall include contractual liability coverage and additional insured coverage for the benefit of the Contractor, Owner and anyone else the contractor/owner is required to name (as set forth in the schedule below). . . ." ECF No. 21-3 ¶ 2.1. The "schedule below" lists Batco as the one and only additional insured. Pursuant to the additional insured provision, then, CMG was only required to defend Batco (as the "Contractor" and "anyone else the contractor/owner [was] required to name") and 620.

Based on the text of the CMG Contract and the Southwest Policy, Southwest does not have a duty to defend On Star in the underlying action. The additional insured provision directly concerns what parties are governed by the Southwest Policy. That

provision refers to a "schedule," which specifically lists Batco as the only additional insured. Had the parties agreed to include On Star as an additional insured, they would have included On Star in the schedule. Given that missing link, Southwest does not owe a duty to defend to On Star.

      C.    <u>Ohio is entitled to a declaratory judgment that Southwest's policy is primary to Ohio's policy.</u>

Southwest does not dispute that Southwest's policy is primary to Ohio's policy. So Ohio is entitled to a declaratory judgment on this issue.

      D.    <u>The Court reserves judgment on Ohio's request for indemnification.</u>

Finally, Ohio asks that the Court declare that Southwest has a duty to indemnify 620, On Star, and Batco.

The duties to defend and indemnify are not coterminous. Instead "[c]ourts often distinguish between the duty to defend and the duty to indemnify in determining whether each issue posed in a declaratory judgment action is ripe for adjudication." <u>Atlantic Cas. Ins. Co. v. Value Waterproofing, Inc.</u>, 918 F. Supp. 2d 243, 261 (S.D.N.Y. 2013). "Accordingly, courts may issue a declaratory judgment on the duty to defend, while holding that the duty to indemnify is not ripe for adjudication." <u>Id.</u> "There is no per se rule, however, that all declaratory judgment actions brought to establish a duty to indemnify are premature during the pendency of an underlying action." <u>Id.</u>

The distinction "arises from the fact that the duty to defend is triggered by the filing of a lawsuit while the duty to indemnify is triggered by a determination of liability." Id. A duty to defend, therefore, is "often decided on the basis of the four corners of the underlying complaint and the terms of the insurance policy," and thus "can frequently be resolved without factual investigation." Id. "In contrast, the duty to indemnify, which is contingent on the insured's liability, often requires consideration of the factual disputes that are also at issue in the underlying action." Id.

Here, the underlying action that will determine the liability of the various parties remains pending. Ohio nevertheless asserts it is not premature to decide indemnification because "the underlying action does not allege uncovered claims" and because "issues of indemnification and coverage hinge on facts that will not be decided in the underlying tort action." Ohio Opening Brief in Support of Motion for Summary Judgment at 18. In support of this argument, Ohio explains that it is not disputed that "[t]he accident occurred when a ladder Abad was working on moved and fell," that "EC Interiors owned the ladder," and that "[a] review of Abad's deposition transcript compels the conclusion that the fault must lie either with CMB or with EC Interiors (including Abad himself)." Ohio Reply Brief in Support of Motion for Summary Judgment at 9.

Yet despite Ohio's assertions to the contrary, at least one issue regarding liability remains contested at this time, i.e., whose negligence proximately caused Abad's injuries. See Burlington Ins. Co. v. NYC Transit Auth., 57 N.Y.S. 3d 85, 91 (2017) (discussing the proximate cause requirement in the context of an insurance dispute). Given the number of contractors and subcontractors involved in this case, the Court would be better served by waiting for the New York Supreme Court to address and resolve that issue in the first instance.

IV.  Conclusion

For the foregoing reasons, the Court reconfirms its bottom-line Order of August 15, 2025. It grants and denies in part Southwest's motion for partial summary judgment and grants and denies in part Ohio's motion for summary judgment. Specifically, the Court denies defendant's request for this Court to find that plaintiff has no standing to assert a claim on behalf of On Star and 620. Further, the Court grants plaintiff's request for a declaratory judgment that Southwest is required to defend 620 and Batco, but denies the request with respect to On Star. The Court also hereby grants plaintiff's request for a declaratory judgment that Southwest's policy is primary to Ohio's policy. The Court reserves judgment on the question of whether defendant will be required to indemnify 620, Batco, and On Star. Finally, defendant

must reimburse plaintiff for the costs incurred in defending Batco

in the underlying action.

New York, NY
October 2{, 2025

_____
JED S. RAKOFF, U.S.D.J.